ANTON P. HAIN, Appellant, v. BENJAMIN N. BURTON, Respondent.

Kansas City Court of Appeals, June 4, 1906.

1. **FRAUDS AND PERJURIES: Writing: Description of Land: Certainty: Evidence.** The Statute of Frauds requires certainty in the description of the land involved, but that may be accomplished by reference to deeds conveying the same property; but certain letters set out in the opinion are held inadmissible in evidence for the want of certainty in describing the lands and for the failure to refer to proper documents; and certain deeds are likewise held incompetent.

118 App.—37

2. ———: **Certainty: Letters: Memoranda: Writing.** The evidence including certain letters and deeds with memoranda thereon are considered and held insufficient to prove a contract in writing for the exchange of lands, since none of them are signed by the parties to be charged and are uncertain in the condition.

3. ———: ———: **Contract: Consideration.** Contracts involving the Statute of Frauds must have three essential and necessary ingredients, the parties, the subject-matter, the consideration; and certainty as to the latter is a *sine qua non*.

Appeal from Howard Circuit Court.—*Hon. Alexander H. Waller*, Judge.

Affirmed.

*S. C. Major* and *John Cosgrove* for appellant.

(1) Plaintiff having tendered his deed, conveying a good title was entitled to recover the balance of the unpaid purchase money. 29 Am. and Eng. Enc. of Law, (2 Ed.), 719; Scudder v. Waddingham, 7 Mo. App. 26; Davis v. Watson, 89 Mo. App. 15. (2) The deed from the plaintiff to the defendant and the defendant's deed to the plaintiff, taken in connection with the letters of defendant to W. C. Knight, dated March 30, 1905, and the one to plaintiff, of April 11, 1905, the memoranda of Stephens attached to the respective deeds and the promise contained in defendant's letter of April 5th and 11th and sufficiently refer to the farm, known as the "Dan Estill" farm to take the case out of the Statute of Frauds. Smith v. Wilson, 160 Mo. 657; Christensen v. Wooley, 41 Mo. App. 53; Donovan v. Brewing Co., 92 Mo. App. 341; Black et al. v. Crowther, 74 Mo. App. 480; Henry v. Black, 40 Pa. St. 245. Thus a reference to deeds conveying the same property or particular ownership or occupancy of the property may be sufficient. Peck Bros. v. Ahrens, 98 Mo. App. 456; Long v. Wagoner, 47 Mo. 178. (3) It has therefore always been held that letters addressed to a third party stating or affirm-

ing a contract may be used against the writer as memorandum of it, and for the same reason an oral contract may be taken out of the statute by letters which admit the making of the contract by the writer but deny his liability. Brown on Statute of Frauds (5 Ed.), sec. 354a. Peck Bros v. Ahrens, supra. (4) The plaintiff tendered a deed conveying the land known as the "Dan Estill" farm to the defendant. This was a performance on the part of the vendor, and the defendant could not avoid his liability for the purchase price where the plaintiff had already made his deed, tendered the same in accordance with the contract. 2 Page on Contracts, sec. 715; McGowen v. West, 7 Mo. 569. The consideration clause of the deed and the agreement by the defendant to pay the same is of the same force and effect as if defendant had given a note therefor.

*O. S. Barton* and *W. M. Williams* for respondent.

(1) Plaintiff's deed to the defendant was never delivered to or accepted by the latter, nor was the defendant's deed to plaintiff ever delivered. This is clearly established, both by the pleadings and the evidence. The vendor, even in a valid and legally binding executory contract for the sale of land, is not entitled, upon tendering of a deed, to recover at law the unpaid purchase money. Schudder v. Waddingham, 7 Mo. App. 26; Prichard v. Mulhall, 103 N. W. (Iowa) 774; Reed v. Daugherty, 20 S. E. (Georgia) 965; Goodwine v. Kelley, 70 N. E. (Ind.), 832; Cagger v. Lansing, 43 N. Y. 550; 2 Sutherland on Damages, (2 Ed), secs. 568; 569; 29 Ency. Law (2 Ed.), 720; Garard v. Dollar, 67 Am. Dec. 278-281. (2) An agreement for the exchange of lands is within the Staute of Frauds, and all the terms of the contract must be in writing. Beckman v. Mepham, 97 Mo. App. 161; Andrews v. Broughton, 78 Mo. App. 179; Percell v. Coleman, 71 U. S. 513; Swain v. Burnette, 26 Pac. 1093; 1 Warvelle on Ven-

dors, (2 Ed.), sec. 168.  (3)  Defendant's letters did not undertake to give the description of any land, nor are the terms upon which defendant was willing to exchange farms set out therein.  They are insufficient to constitute a contract under the Statute of Frauds.  Johnson v. Fecht, 185 Mo. 335.  (4)  An undelivered deed is insufficient as a memorandum under the statute.  Cagger v. Lansing, 43 N. Y. 550; Soward v. Moss, 80 N. W. (Neb.), 268; Ducett v. Wolf, 45 N. W. (Mich.) 829; Campbell v. Thomas, 47 Wis. 441; 29 Ency. of Law (2 Ed.), 855.  (5)  All the terms of the contract must appear in the writings, whether deed, letters or other instruments. Where the memorandum, under the statute, is scant in measure, it cannot be pieced out by verbal additions. Boyd v. Paul, 125 Mo. 14; Johnson v. Fecht, 185 Mo. 345. The writing must contain the price as well as the other terms of the agreement.  Kelly v. Thuey, 143 Mo. 435. (6)  The undelivered deeds and the letters, taken singly or collectively, do not show that defendant was to pay plaintiff the sum of $2,850, and there is nothing whatever in the writings to make out any such contract as that set up in the petition.  Plaintiff had to rely entirely upon verbal testimony in reference to the $2,850.  The memorandum made by witness Stephens was not made in defendant's presence and was not signed by anybody. An unsigned memorandum is insufficient.  Krohn v. Brantz, 68 Ind. 277; Huff v. Shephard, 58 Mo. 247; Schmeling v. Kreisel, 45 Wis. 325; 2 Warvelle on Vendors, (2 Ed.), 740.

BROADDUS, P. J.—The allegations of the petition are that on the 5th day of April, 1905, the plaintiff and defendant agreed to exchange farms; that he owned a certain farm in Howard county containing 393.96 acres, which was encumbered by a deed of trust to the amount of $10,000; that defendant owned a certain farm in Callaway county containing 282.50 acres, subject to encumbrances aggregating $6,000 that defendant agreed to

make him a warranty deed to his Callaway farm subject to the encumbrances for the expressed consideration of $10,000; and the plaintiff agreed to convey to defendant by similar deed his Howard county farm subject to the encumbrances, for an expressed consideration of of $16,000; that defendant duly executed and acknowledged a deed to plaintiff to his Callaway farm; that plaintiff and wife also executed and acknowledged a deed to defendant of his Howard county farm; and that these deeds by mutual agreement were deposited with W. Speed Stephens, cashier of the Central National Bank of Boonville, to be delivered to the respective grantees upon the payment by the defendant of $2,850 to said Stephens for the plaintiff. It is alleged that said sum of $2,850.00 was the agreed difference in the value of the two farms, which defendant was to pay to plaintiff; and that defendant agreed to pay the same as soon after said date as he could obtain the money. It is alleged that plaintiff demanded said sum of defendant, who refused to pay it; that he fully performed his part of the contract, and has at all times been and is still ready to deliver to defendant the deed executed by himself and wife, and had instructed said Stephens to deliver it to him upon the payment of said money, for which he asks judgment.

Upon the trial, defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action, which was overruled. The plaintiff then offered the following letter written by defendant to W. C. Knight:

"Mar. 30, '05.

"Friend Knight: I understand that the man that bought the Dan Estill place is very sick of his trade. Don't you think that you can trade my Callaway farm to him. If you can I will give you $200 and pay your expenses in regard to selling it. I think that we can fix up a trade with him by working the wires a little. If

you think that you can handle him I will come over this eve or in the morning.

"Yours truly,

"B. N. Burton."

This letter was received as evidence over the objection of defendant as to its competency.

The following letter was also admitted as evidence against the objection of defendant.

"April 4, '05.

"W. C. Knight, At Home:

"Dear Sir: I haven't been up to look at Mr. Hain's farm. But will to-day. From what I hear about his farm I regret the offer that I made him but as I made the offer why I will still let it stand as I make my word my bond. There is a party going to-day to look at the Jefferson City farm at $45, per acre.

"Please don't encourge your man to trade with me for I had rather not trade, his place is about 8 or 9 miles from Rail Road, the nearest point being Glasgow. Tell Mr. Hain that my offer won't stand any longer than to-day.

"Yours truly,

"B. N. Burton."

Plaintiff then introduced the following letter over the objection of defendant.

"April 15, '05.

"W. C. Knight, Boonville, Mo:

"Friend Dr.: Now I don't think that they will be any trouble in getting the money but for fear that I might fail why then all I am out is your expenses. Now I think that you ought to give me a statement as you have my note of coarse I don't believe you would do me a mean trick. You understand what I mean, if I should fail to get the money why it would leave your farm on my hands an you could make me pay that $1,000 note as

you have all the advantage.   An I would like to be on equal footing I think that you should give me a written statement according to your agreement an sign it an I will do the same.   Understand that I am not afraid of you treating me mean but believe it to better satisfaction on both sides.   dont you think so.

"Yours truly, B. N. BURTON."

The witness Knight was shown the deed from plaintiff to defendant, who stated that he left it with said bank to be delivered to defendant when he paid said money.   He was also shown the deed from defendant to plaintiff, which he stated that by instruction from defendant was to be left with said bank for the purpose of being delivered to plaintiff.   These deeds, he stated, were handed to Stephens, the cashier of the bank.   Stephens at the time made the following endorsement on defendant's deed: "Deliver this W. D. (B. N. Burton to Anton P. Hain)  To Anton P. Hain together with $2,850, when B. N. Burton pays said $2,850, which amount place to the credit of Anton P. Hain:" and endorsed on plaintiff's deed: "Deliver this W. D. from Anton P. Hain to B. N. Burton when he pays $2,850, (which amount place to credit of Anton P. Hain).   He stated that afterwards he took plaintiff and defendant to the bank and there he acted as spokesman and made a statement of what was to be done with the deeds; that he then turned to each one of the parties separately and asked him, "Is that correct?," and that each answered, "Yes."

He further stated that there was no restriction placed upon Stephens other than the deeds to be delivered to the respective parties upon the payment by defendant of said $2,850.   The defendant objected to all the verbal testimony of said witness, which was overruled. The two deeds referred to were introduced as evidence as well as the following letters over the objections of defendant:

"April 11, '05.

"Mr. Tony Hains,    Boonville, Mo:

"Dear Sir: I couldn't get across the river this morn-ing as the boat is not running today on the account of the Inspector is there an I am compelled to be in Fayette to-morrow and maby Thursday to as I have some cases to come up in court. but will say that I will come over Friday morning sure and close the trade an may be Thursday if I dont have to be in Fayette.

"Yours truly, B. N. BURTON."

At the close of all the evidence, the defendant asked and the court gave a declaration to the effect that under the proof the finding must be for the defendant. The plaintiff took a nonsuit and brings the case here on appeal.

The decision of the court, evidently, was based upon the theory that there was not such a writing evidencing the contract of sale of the lands as to take the case from under the provisions of the Statute of Frauds. The position of plaintiff is that "The deed from the plaintiff to the defendant and the defendant's deed to the plaintiff, taken in connection with the letters of defendant to W. C. Knight, dated March 30, 1905, and the one to plaintiff of April 11, 1905, the memorandum of Stephens attached to the respective deeds and the promise contained in defendant's letters of April 5th and 11th, sufficiently refer to the farm known as the 'Dan Estill' farm to take the case out of the Statute of Frauds."

It is said in Christensen v. Wooley, 41 Mo. App. 53, that "The memorandum in writing for the sale of the land, which will satisfy the Statute of Frauds, need not be contained in one paper. The contract may be made up of several papers, which may be read together as one contract, provided that the paper signed by the party to be bound refers to the others so as to enable the court to gather the terms of the contract from all when read as a whole." The rule, as stated, we take is the correct

one. [Peycke Bros. v. Ahrens, 98 Mo. App. 456.] And in Fox v. Courtney, 111 Mo. l. c. 150, it is held that, while certainty of description of land is required, its identification may sufficiently appear by reference to an external standard, and need not be in terms explained; a "reference to deeds conveying the same property, or occupation of the property may be sufficient."

While the descriptions of the two farms are contained in the two deeds deposited with Stephens, the cashier of the bank, there is no reference in any of the defendant's letters in evidence to such deeds, and could not have been because it is to be presumed that they were not in existence until after a contract had been entered into between the parties. And for reason hereinafter given, said deeds were not competent evidence for the purpose. It is true that plaintiff's farm may have been identified by extraneous evidence from its designation as the "Dan Estill place," but there is no designation or description whatever •by means of which it is possible to ascertain what was meant by reference to defendant's "Callaway farm" except that it was located in Callaway county. And such a designation would be too vague and uncertain to comply with the statute.

But we think that the plaintiff has failed to make out his case in a more important particular. He has not proven a contract in writing. The letter of defendant to his agent Knight was at most a suggestion that an exchange of farms with plaintiff might be brought about, and that if he could succeed in obtaining that result he would pay him a commission and his expenses. He does not state upon what terms he would make the exchange, and closes with the proposition that if he, Knight thinks he can handle plaintiff, he will see him the next day. The defendant's letters of April 11th to plaintiff shows that there had been no contract entered into between the parties at that time, for he writes; "I will come over Friday morning and close the trade." There is no reference in it as to what the deal is about or to

any of its terms and conditions. The memoranda made by Stephens, the cashier of the bank, upon the two deeds deposited with him for delivery to the respective parties when defendant should pay $2,850 were not such writings signed by defendant as would take the case out of the statute. The language of the statute is that the writing must be "signed by the party" making the grant or by his lawfully authorized agent in writing. The memoranda is not even signed by Stephens and it is not claimed that he had any written authority from defendant to make it. It is our opinion that said deeds so deposited are of no more consequence as proof of the terms of the alleged contract than if they had been left in blank, because in law they had not been executed, as they had not been delivered. Such deeds cannot be said to contain the terms of a contract, nor can purchasers be held bound thereby, because of want of delivery and acceptance [Cagger v. Lansing, 43 N. Y. 550.]

And had said writings, called deeds, been legitimate evidence, their acceptance as such would not make out plaintiff's case. The one from plaintiff to defendant is for the expressed consideration of $16,000 and that the grantee assume a certain encumbrance on the land. The one from defendant to the plaintiff is for the expressed consideration of $10,000 and assumption of certain encumbrances. No reference is made to the sum of $2,850, which is alleged as the difference in the two farms, and which it is alleged defendant contracted to pay plaintiff. The writings do not show that there was even an exchange of farms, but each, if effective, would be an unconditional conveyance of land for a specific consideration in money and assumption of encumbrances.

But it is one of plaintiff's contentions that it was not necessary that the consideration should be proved by a written contract and he cites in support of his view, the case of McConnell v. Brayner, 63 Mo. 461, where it is said that "The verbal agreement for the pay-

ment of the purchase money was not within the Statute of Frauds, because it was not a contract for the sale of the lands. That contract was executed and finished when the deed was made to the wife at the instance of the husband. This demand is merely for money arising out of that contract." The opinion in that case was written by Judge SHERWOOD, who also wrote the opinion in Kelly v. Thuey, 143 Mo. 422, where he uses the following language: "In making a contract involving the Statute of Frauds, there are three essential and inevitbly necessary ingredients; first, the parties; second, the subject matter; third, the consideration or price. Absent one of these ingredients, there is no contract. Certainty in price is as much a *sine qua non* as certainty in parties or subject-matter." And the learned judge fortifies his position by citation of the most respectable authorities. If there is any conflict in the two cases, and we believe there is none, the latter is the better and governing authority.

For the reasons given, the cause is affirmed. All concur.