M. R. LOGAN v. B. L. WADDLE, Appellant.

Division One, October 11, 1926.

**1. CONTRACT OF SALE: Real Estate: Contained in Different Writings.** The note or memorandum of sale required by the Statute of Frauds may be contained in two or more writings, none of which is alone sufficient to satisfy the statute, but so connected with each other that material conditions omitted from some are so supplied by the others that all the requirements of the statute are met.

**2. ———: Description of Real Estate: Supplied by Tentative Deed.** An offer of the purchaser in one letter to buy and of the owner in reply to sell "a house and two lots located in the town of Ozark" is not a sufficient memorandum under the Statute of Frauds; but the lack of a sufficient description is supplied by a letter from the seller to "send me a blank deed" and a reply by the purchaser that "I am inclosing you regular form of warranty deed, which you may execute and return to me," in which the lots are described as "all of city lots 624, 625, 617 and 618 Paul's Survey of the city of Ozark, Mo.," and by the seller's reply that he had the deed and would execute it, and by the signing and acknowledging of said deed by the seller and his wife on the same day, although never delivered, and by the introduction of said deed in evidence. Nor does it alter the sufficiency of the description or contract that the seller, after he and his wife had so executed said deed, erased the name of the purchaser as the grantee, and inserted that of another.

**3. ———: ———: Incorporation by Reference.** The seller of land may, by reference to a deed received from the buyer, incorporate in his letter in reply the contents of the deed relating to the description of the lots, and

thereby make definite and certain his prior agreement to sell insufficiently described lots.

4. ———: ———: **Undelivered Deed.** Resort may be made to an unde-livered deed signed by the grantor to aid an insufficient description of lands sold by prior writings, and to supply the lack of a sufficient description omitted from them.

---

Corpus Juris-Cyc. References: **Frauds, Statute of,** 27 C. J., Section 308, p. 259, n. 52; p. 260, n. 55; p. 261, n. 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69; p. 262, n. 72; Section 384, p. 300, n. 87.

Transferred from Springfield Court of Appeals.

AFFIRMED.

*G. A. Watson* and *G. Purd Hays* for appellant.

(1) The letters on which plaintiff claims to base his case and make a contract do not describe the land to be traded or exchanged and therein fails to make a contract under the Statute of Frauds. Beckmann v. Nepham, 97 Mo. App. 161; Bursa v. Cash, 171 Mo. App. 396; Ringer v. Holtzclaw, 112 Mo. 519; Allen West Comm. Co. v. Richter, 228 S. W. 830; Welsh v. Veasley, 227 S. W. 59; Mason v. Small, 130 Mo. 249; Hain v. Burton, 118 Mo. App. 577; Shultz v. Hunter, 188 Mo. App. 520. (2) There had been no performance or even part performance of the alleged contract by either plaintiff or de-fendant. No property had exchanged hands. Each party was left on the first day of June, the day claimed by plaintiff that the alleged con-tract was breached, just as they were, that is, each had the same prop-erty. No delivery or possession was taken or given by either plaintiff or defendant. Nothing had been done to take the case out of the Stat-ute of Frauds. Two or three letters had been exchanged and that is all. Welsh v. Veasley, 227 S. W. 59; Wolfskill v. Wells, 154 Mo. App. 302; Allen v. Richard, 83 Mo. 55; Hook v. Turner, 22 Mo. 333. (3) No damages were proven, no loss in the market value of the truck. What he could have made by using the truck is speculative damages and 'should have been excluded from the jury. Therefore plaintiff's In-struction 1 should not have been given. Warren v. Mayer Mfg. Co., 161 Mo. 112; Fuller v. Presnell, 233 S. W. 502; Consumers' Glue Co. v. Mfg. Co., 181 S. W. 1086; Koetz v. Bleckman, 60 Mo. 320; Rickey v. Broeck, 63 Mo. 563; Schumacher v. Breweries Co., 247 Mo. 162; Bank v. Murdock, 62 Mo. 73. (4) It is the duty of the court as required by law to say whether the letters introduced make a contract, and not leave that question for the jury to find from the evidence, as is done by Instruction 1 given for plaintiff. Commis-sion Co. v. Drug Co., 148 Mo. App. 327; James & Sons v. Trust Co.,

69 Mo. App. 207; Hay v. Bankers Life Co., 231 S. W. 1038; Stock Food Co. v. Bridges, 160 Mo. App. 131. (5) The court committed error in giving Instruction 2 for the plaintiff, as the jury are instructed to find $100 damages for the time the defendant refused to use the truck, being about four days, while he and defendant were exchanging letters. Cases under points 3 and 4. (6) The court erred in overruling defendant's demurrer at the close of all the evidence and submitting the case to the jury. The *aggregatio mentium* necessary to constitute a valid contract is not shown by the evidence, which is four letters. Comm. Co. v. Drug Co., 148 Mo. App. 327; Batavia v. Railroad, 126 Mo. App. 15; Sarran v. Richards, 151 Mo. App. 661; Scott v. Davis, 141 Mo. 213.

*Moore, Barrett & Moore* for respondent.

(1) From the writings there is sufficient description of the property to be exchanged. Black v. Crowther, 74 Mo. App. 480; Hammond v. Johnson, 93 Mo. 198; Wilcox v. Sonka, 137 Mo. App. 54; Kriting v. Cramer, 152 Mo. App. 431; Ranck v. Lafferty, 255 Mo. 54. The general rule is that it must appear from the memoranda what the subject-matter of the engagement is, but the identity may sufficiently appear by reference to external standards. A reference to a deed or deeds conveying the same property may be sufficient. Fox v. Courtney, 111 Mo. 150; Darnell v. Lafferty, 113 Mo. App. 296; Christenson v. Wooley; 41 Mo. App. 464. The description of the subject-matter may be wholly or partially contained in an auxiliary writing which if referred to in such a manner as to establish the connection becomes a constituent part of the memorandum. Pomeroy on Specific Performance (2 Ed.) par. 90; Cement & Material Co. v. Kries, 261 Mo. 170; Springer v. Kliensorge, 83 Mo. 152. (2) The writings constitute a contract—a definite proposal and an unconditional acceptance. Logan v. Waddle, 238 S. W. 516; Gale v. Carpet, 182 Mo. 498. (3) Facts and circumstances showing receipt, or being properly stamped and deposited in the United States mails, show the mailing of a letter. Ward v. Marr Transfer Co., 119 Mo. App. 88. (4) The court never submitted to the jury the question of the letters constituting a contract, nor the legal effect of such letters. Therefore the authorities cited in appellants brief are not in point.

OTTO, J.—Upon a division of opinion in the Springfield Court of Appeals, this case was duly certified to this court in pursuance of constitutional provisions.

Respondent commenced this action in the Circuit Court of Christian County to recover damages for breach of an alleged contract for the sale of real estate. Upon change of venue this trial of the

cause was had in the Circuit Court of Lawrence County wherein respondent recovered a judgment for $300.

Respondent in his petition alleges the contract to be: That appellant would pay respondent the sum of six hundred dollars in money and would make him a good and sufficient deed for a house and two lots located in the town of Ozark, and respondent was to deliver an automobile truck to appellant on the 10th or 15th day of June, 1919, and respondent was to assume and agree to pay an incumbrance on said real estate amounting to one thousand dollars. The petition alleged that said contract was evidenced by writings duly signed by the said parties, and that from the same the terms of said contract as aforesaid were ascertainable.

The answer was a general denial, want of sufficient consideration, and the Statute of Frauds, appellant insisting that the alleged contract, sought herein to be established by correspondence between the parties, is not valid or binding under the Statute of Frauds of this State which provides that: ''No action shall be brought . . . upon any contract made for the sale of lands . . . unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith.'' [R. S. 1919, sec. 2169.] His contention, in substance, is that the writings and correspondence, which are relied upon to establish a valid binding contract, do not, in themselves, show that the lands therein referred to are the lands in question, and, therefore, no written memorandum, such as the statute requires, was executed.

At the trial the following documentary evidence was introduced:

## PLAINTIFF'S EXHIBIT 1.

"Ozark, Missouri, May 24, 1919.

"MR. B. L. WADDLE,
    "Hominy, Oklahoma.
"Friend B.

"As you didn't write about our trade I will. If you still want the truck I will trade with you for the house for six hundred dollars. If you want to make this deal let me know at once before Burgess goes to work on the house. It is $200 better than I thought I would do but I haven't got any use for the truck and you have. It is just what you need. Answer by return mail.

"M. R. LOGAN."

## PLAINTIFF'S EXHIBIT 2.

"Hominy, Oklahoma, May 26, 1919.

"M. R. LOGAN,
    "Ozark, Missouri.
"Friend Mack:—

"In replying to yours of the 24th will say that if your truck is O. K. as you say, and you will drive it to Tulsa I will give you six hundred dollars and the house and two lots, you assuming $1000 due Christian County with interest from August 1. Would want it about June 10 or

15 as this is the time we get a pay day in the oil field. Would not be able to pay difference sooner. If this suits you let me know at once and I will have deed made and meet you at Tulsa at a date agreed on later.

"B. L. WADDLE.

"P. S. If you want to trade send me a blank deed as I can't get a Missouri form here."

### PLAINTIFF'S EXHIBIT 3.

"Ozark, Mo., May 28, 1919.

"B. L. WADDLE,
    "Hominy, Oklahoma.
"Dear Sir:—

"Upon investigation I find you have neglected to have your deed from Gardner recorded, and I am unable to find abstract. Am enclosing you regular form Warranty Deed, you may have executed and return, together with the deed you got from Gardner so it can be recorded first. Please send Abstract also if you have it. If not, where is it? I will deliver truck to Tulsa anytime you say, but will have to wait for a few days as it has been raining here for a week and lots of mud.

"B., I find there is about $70 interest on the note. I will pay that off and you pay my expenses to Tulsa and return. We left the names of you and your wife out at top of deed, didn't know whether it is in your name or hers; so you can fill that in. You can fix the day and place for me to meet you in Tulsa.

"Yours,
"M. R. LOGAN."

### PLAINTIFF'S EXHIBIT 4.

"Hominy, Oklahoma, May 29, 1919.

"M. R. LOGAN, Ozark, Mo.
"Dear Sir:—

"In reply to yours of the 28th, will say that I have Abstract, Deed and Tax Receipts, all of which I will deliver to you when I meet you in Tulsa. Now it has been raining here for past four weeks and has been so muddy we have not been able to get around, consequently business hasn't been so good and I would like to ask you to wait on me 60 days for 300 dollars and will pay you 300 dollars when you come and balance in 60 days. Will give you my note. If this suits you, you can start any time roads will be good enough. Will meet you at Radcliff and Sanders' Wholesale Grocery Store, Second Street, Tulsa. You can write me day before you start which will give me time to get to Tulsa. It will take you three days to come. I will bring all papers, insurance policy, deed, tax receipts, abstracts and all. Let me know at once if this suits and oblige,

"B. L. WADDLE.

"P. S. Bring all tools, chains and so on."

### PLAINTIFF'S EXHIBIT 5.

"Hominy, Oklahoma, June 1, 1919.

"M. R. LOGAN, Ozark, Mo.
"Friend Mack:—

"I don't like to play a boy's game but I have had so much trouble with trucks that I have decided to use teams. Just got in this morning with two trucks out three days on a one day trip; disgusted me so, I wired you not to come.

"B. L. WADDLE."

### PLAINTIFF'S EXHIBIT A.

"WARRANTY DEED, From B. L. Waddle and Annie Waddle of the County of Osage and State of Oklahoma, to Arthur E. Hicks, of Christian County, Mo., second party. Con. $2000. Grant, bargain and sell to second party, his heirs and assigns, the following described lots and tracks of land in Christian County and State of Missouri, to-wit:

"All of City Lots 624-625-617 & 618, Paul's Survey of City of Ozark, Mo.

"Made subject to a School-Fund Mortgage for $1000, the second party assumes and agrees to pay.

"To have and.to hold unto the second party, his heirs and assigns forever. The said B. L. Waddle and Annie Waddle convenanting that they are lawfully seized, etc., in fee simple. (With general covenants of warranty.)

"B. L. WADDLE,
"ANNIE WADDLE."

### "ACKNOWLEDGMENT.

"State of Oklahoma, County of Osage, ss.

"May 29th, 1919. B. L. Waddle and Annie Waddle 'his wife. Before R. D. Copeland, Notary Public, Hominy, Okla.

"Recorded in Christian County, Missouri on July 11, A. M. LITTLE, Recorder."

In invoking the Statute of Frauds, in this case, appellant relies principally upon the insufficiency of the description of the land in question. The language, "a house and two lots located in the town of Ozark," standing alone will not suffice. The note or memorandum required by the statute need not be contained in a single document, but may be contained in separate writings when the separate writings, taken together, meet the requirements of the statute.

The rule, we think, is well stated in 27 Corpus Juris, pages 259, 260, under the subject-matter of Statute of Frauds, Section 308, thus:

"The note or memorandum required by the Statute of Frauds need not be contained in a single document, nor, when contained in two or more papers, need each paper be sufficient in contents and signature to satisfy the statute. Two or more writings properly connected may be considered together, matters missing or uncertain in one may be supplied or rendered certain by the other, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signature."

An important question in this case is, was the deed, plaintiff's Exhibit "A," above set out. properly admitted in evidence? We must go to that deed for the description of the land. There is no sufficient description contained in any other writing. By reference to plaintiff's Exhibit 2, of date May 26th, it will be seen that appellant, writing to respondent, employed this language: "I will give you six hundred dollars and the house and two lots, you assuming $1000 due Christian County with interest from August 1." And in the same

letter this language: "If you want to trade send me a blank deed as I can't get a Missouri form here."

Respondent, in reply to said letter, wrote, May 28th, as follows: "Am enclosing you regular form Warranty Deed, you may have executed and return . . . We left the names of you and your wife out at top of deed, didn't know whether it is in your name or hers; so you can fill that in." (See plaintiff's Exhibit A).

May 29th, appellant, in reply to respondent's letter of May 28th, wrote as follows: "In reply to yours of the 28th will say that I have Abstract, Deed and Tax Receipts, all of which I will deliver to you."

We think the testimony offered in the case proves conclusively that the deed mentioned in the above-quoted portion of appellant's letter of May 29th, though never delivered by appellant to respondent or to any one for him, is the same deed forwarded to appellant by respondent and alluded to in the above quoted portion of respondent's letter of May 28th, and that the deed so mentioned and referred to is the document containing the description: "The following described lots and tracts of land in Christian County, State of Missouri, to-wit: All of City lots 624-625-617 & 618 Paul's Survey of the City of Ozark, Mo.," and that said document contained said identical description at the time appellant referred to the "deed" in his letter of May 29th, and that said deed was properly admitted in evidence.

Commenting on the rule hereinabove set out, Corpus Juris, vol. 27, pages 260-261, uses this language: "The rule is frequently applied to two or more, or a series of, letters or telegrams, or letters and telegrams, sufficiently connected to allow their consideration together. But the rule is not confined in its application to letters and telegrams; any other documents can be read together when one refers to the other. The rule has been applied so as to allow the consideration together, when properly connected, of a letter and an order of court, a letter and an order for goods, letters and undelivered deeds, correspondence and accompanying papers, a check and a letter, a receipt and a check, a memorandum of agreement and a deed, and a contract, deed, and instructions to a depositary in escrow. Matters not contained in one paper, or not stated therein with sufficient definiteness and certainty, such as the name of a party, a description of the subject-matter, and statement of the consideration, or the terms of payment, are frequently found to be adequately stated in another paper which is sufficiently connected with the former paper to justify their consideration together."

The deed, containing the description of the property as hereinabove set out, was forwarded to appellant by respondent on May 28th. On May 29th appellant wrote that he had the deed and would deliver it to respondent. On May 29th the deed was signed and ac-

knowledged by appellant and his wife.  The testimony shows that thereafter appellant erased respondent's name, as grantee, and inserted in lieu thereof the name "Arthur E. Hicks," and with the exception of this change of names used the same paper writing to convey the land in question to said Hicks.

When appellant referred to this deed, in his letter of May 29th, as above stated, he, by that reference, incorporated the contents of that deed in his letter so as to allow the two to be considered together for the purpose of determining whether the requirements of the Statute of Frauds were satisfied.  "An express or explicit reference from one document to another incorporates the latter in the former so as to allow the two to be considered together for the purpose of determining whether the requirements of the Statute of Frauds are satisfied." [27 Corpus Juris, p. 261, sec. 309.]  While an undelivered deed cannot itself be relied on as a sufficient memorandum of an oral contract of sale, it may, if the circumstances clearly show that it embodies the terms of a prior agreement of which there was an insufficient written memorandum signed by the party to be charged, be used to supply the omissions in such memorandum.  [25 R. C. L. 682, sec. 320.]

And again, an undelivered deed signed by the grantor may be resorted to in order to aid an insufficient description of the land in other writings evidencing the contract.  [25 R. C. L. 682, sec. 320; Ryan v. United States, 136 U. S. 68, 10 Sup. Ct. 913, 34 U. S. (L. Ed.) 447; Schneider v. Anderson, 75 Kan. 11, 88 Pac. 525, 121 A. S. R. 356.]  "The description of the subject-matter may be wholly or partially contained in an auxiliary writing, which, if referred to in such a manner as to establish the connection, becomes a constituent part of the memorandum." [Pomeroy on Specific Performance of Contracts (3 Ed.) par. 90; see also Cement & Material Co. v. Kreis, 261 Mo. l. c. 170.]

Finding no error sufficient to warrant the disturbance of the judgment rendered herein, the judgment should be affirmed.  It is so ordered.  All concur, except *Graves, J.,* absent.