253 S.W.2d 497 (1952)
WHEELER
v.
BLANTON.
No. 28425.
St. Louis Court of Appeals, Missouri.
December 16, 1952.
Don C. Carter, Sturgeon, for appellant. James P. Boyd, Paris, for respondent.
ANDERSON, Judge.
This is an appeal by Henry A. Wheeler from a judgment for defendant in the Circuit Court of Shelby County in an action brought by the said Henry A. Wheeler, as plaintiff, against defendant, Anderson Blanton. The suit was instituted in the Circuit Court of Monroe County and transferred to the Circuit Court of Shelby County on change of venue.
Plaintiff's petition, as originally filed, was in two countsthe first count being an equitable action for specific performance of a contract for the sale and conveyance of certain real estate; and the second count being a suit at law for damages for breach of said contract. The prayer of said second count was for damages in the sum of $1500, and for the return of $500 paid by plaintiff to defendant as part payment of the purchase price. Prior to the trial plaintiff voluntarily dismissed the first count of the petition, and elected to proceed to trial on the second count.
As a defense, defendant pleaded the statute of frauds, Section 432.010 RSMo 1949, V.A.M.S., and also pleaded that the contract was not binding because it was made by one Jack Blanton as agent for the defendant, and that the said Jack Blanton was without written authority from defendant to act as such agent. By said answer, defendant tendered into court for the benefit of plaintiff the sum of $500, being the amount of the down payment made by plaintiff under the contract of sale.
The reply of plaintiff denied that the contract was in violation of the statute of frauds, and pleaded that the contract was made up of letters and other documents passing between the parties, letters written to Mr. Tuck Mitchell, an abstractor of Paris, Missouri, and a warranty deed duly *498 executed by the defendant and forwarded to said Mitchell with instructions to deliver same to plaintiff, which letters and documents showed the terms and conditions of the sale and hence rendered the statute of frauds inapplicable.
The property involved in this suit consisted of a parcel of land located in Paris, Missouri, on which was erected a two-story building, said property being directly across the street from the Monroe County Courthouse. Defendant, Blanton, purchased this property in 1942, and for a number of years thereafter conducted a jewelry store in said building. Defendant sold his jewelry business a few years prior to the event giving rise to this lawsuit and removed to Los Angeles, California. Thereafter, Mr. Estel Pugh rented the first floor of said building and conducted therein a jewelry store. The second floor of said building was unoccupied.
In January, 1950, defendant wrote to his brother, Jack Blanton, who resided in Paris, Missouri, requesting that the latter find a purchaser for said building. Thereafter, plaintiff learned that the building was for sale and, on March 7, 1950, went to the office of Jack Blanton to make inquiry with reference thereto. Plaintiff testified:
"I goes up to the appeal office and I said, "I understand that building, you want two thousand dollars for it.' * * * He said, `$2400'. I says, 'Well, I am just going to take it,' and I wrote him a check for $500 to Mr. Jack Blanton, payable on the Anderson Blanton building."
Jack Blanton accepted the check, which was payable to him, and sent it to his brother in Los Angeles. Jack Blanton failed to endorse the check. On March 16, 1950, defendant wrote plaintiff the following letter:
"Mr. H. A. Wheeler
Paris, Mo.
"Dear Sir:
"I wired to Tuck Mitchell this A.M. to get the deed and to make a warrantee deed in your name and then forward same to me for my signature. Also, will you please send me another check for $500.00 and when received will return the one you gave Jack which he failed to endorse as I don't want to bother him anymore about same. I hope you will give Pugh the same terms that I had.
"Thanking you for your patience in this matter and with personal regards to you, I am
"Yours truly,
(Signed) Anderson Blanton."
After receiving the above letter plaintiff forwarded to defendant a check payable to defendant in the sum of $500. This check was cashed by defendant and paid at Paris on March 25, 1950.
On March 16, 1950, defendant sent a telegram to Tuck Mitchell advising the latter that he had sold the building to plaintiff and requesting Mitchell to prepare a warranty deed and mail it to him so that he could execute and return same. The next day, March 17, 1950, Mitchell prepared a warranty deed and mailed it to defendant. This deed recited:
"This Indenture, Made on the 17th day of March, A.D., one thousand nine hundred and fifty by and between Anderson Blanton, a widower, party of the First Part, and Henry A. Wheeler and Anna Mae Wheeler, husband and wife, of the county of Monroe, in the State of Missouri, parties of the Second Part:
"Witnesseth, That the said party of the First Part, in consideration of the sum of One Dollar and other valuable considerations, to him paid by the said parties of the Second Part, the receipt of which is hereby acknowledged, do by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said parties of the Second Part, their heirs and assigns, the following described Lots, Tracts or Parcels of Land, lying being and situate in the County of Monroe and State of Missouri, to wit: The north fifty (50) feet of the west half of the east half of lot number three (3) in block number sixteen (16) of the original `Town of Paris', now in the City of Paris, Missouri."
*499 Defendant signed and acknowledged the deed on March 21, 1950, before Laurence M. Welsh, a notary public of Los Angeles, California, and mailed the deed to Tuck Mitchell who received it on March 29, 1950. Mr. Mitchell testified that he received a letter from defendant in the envelope which contained the deed, which letter he had lost and could not find after diligent search for same. He stated that:
"It was just a very short notice that he was enclosing the deed and that I don't remember whether he told me to turn it over to Mr. Jack Blanton or to Mr. Warren at the Paris Savings Bank, but the gist of it was that as soon as the balance of the purchase money was put up * * * Well, I don't even know what that was, but all except the $500, why to turn it over toas I remember itthe Savings Bank.
"Q. To be delivered to Mr. Wheeler? A. Yes, sir.
* * * * * *
"Q. And you never did deliver it? A. No, sir."
No mention is made in the deed of any outstanding lease of any part of the premises. There was a covenant therein that said the premises was free and clear of any encumbrance. There was evidence that the market value of the real estate as of March 24, 1950, was $3500.
It further appears from the evidence that Estel Pugh occupied the first floor of said building under a lease. This lease was executed October 15, 1948, and was for a period of ten years, beginning on October 1, 1948, and ending October 1, 1958. Said lease was filed for record on March 23, 1950. Plaintiff was unaware of the existence of this lease until he was advised of same by Mr. Ralph Nolen, an attorney at Paris, on March 23, 1950, the day said lease was filed in the Recorder's office. Plaintiff thereafter refused to complete the purchase because of the existence of this lease.
On motion of counsel for defendant, the court directed the jury to return a verdict for defendant. Such verdict was returned and judgment entered thereon in favor of defendant.
Appellant assigns as error the action of the trial court in sustaining defendant's motion to dismiss and in directing the verdict for defendant, contending that the evidence offered by plaintiff revealed a valid and enforceable contract. Respondent contends that the agreement was unenforceable under the statute of frauds, Section 432.010 RSMo 1949, V.A.M.S.
The note or memorandum required by the statute of frauds need not be contained in a single document. On the contrary, two or more writings properly connected may be considered together, and elements missing or uncertain in one may be supplied or rendered certain by another, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to content. Logan v. Waddle, Mo.App., 252 S.W. 469, affirmed by Supreme Court, 315 Mo. 980, 287 S.W. 624; Peirson-Lathrop Grain Co. v. Potter Lumber, Grain & Hardware Co., 210 Mo.App. 387, 239 S.W. 559; Rodney Milling Co. v. Farmers' Elevator of Smithton, Mo.App., 237 S.W. 205; Leesley Bros. v. A. Rebori Fruit Co., 162 Mo.App. 195, 144 S.W. 138.
In the case at bar, the letters and telegrams passing between the parties, the check of plaintiff, and the deed executed by the defendant, were sufficiently connected to allow their consideration together so as to ascertain the terms of the contract. Logan v. Waddle, 315 Mo. 980, 287 S.W. 624; Young Men's Christian Association of Kansas City v. Dubach, 82 Mo. 475.
The question then is: Are all the elements present which satisfy the requirements of the statute of frauds? Those elements are: First, the parties; Second, the subject matter; Third, the consideration, or price. Kelly v. Thuey, 143 Mo. 422, 45 S.W. 300.
From an examination of the writings, we are compelled to the conclusion that the third necessary element, i. e., the consideration, is lacking. No where in the writings considered does the price to be *500 paid by appellant appear. Such being the case, the contract cannot be enforced. Kelly v. Thuey, 143 Mo. 422, 45 S.W. 300; Tracy v. Aldrich, Mo.Sup., 236 S.W. 347; Koob v. Ousley, Mo.Sup., 240 S.W. 102; Peetz Bros. Livery & Undertaking Co. v. Vahlkamp, 321 Mo. 287, 11 S.W.2d 26; Hain v. Burton, 118 Mo.App. 577, 94 S.W. 589; Steele v. Steele, Mo.App., 272 S.W. 83. It follows that the court did not err in directing a verdict for the defendant.
The judgment appealed from is affirmed.
BENNICK, P. J., and HOLMAN, J., concur.